N. J. Henry Mfg. Co., Inc., Appellant. *v.* Henry Screen Mfg. Co., Inc., Respondent.

Second Department, December 22, 1922.

Corporations — names — action to restrain defendant from using its corporate name — defendant engaged in same business as plaintiff and used similar letterheads — use of individual name cannot be restrained — use of corporate name restrained.

In an action to enjoin the use by the defendant of its corporate name in connection with the business of manufacturing and selling screens and weather strips it appeared that the president of the defendant was one of the incorporators of the plaintiff, that the plaintiff had acquired a reputation and was extensively known as a manufacturer of porch and window screens and weather strips and that the defendant used letterheads and envelopes similar in design and wording to those used by the plaintiff.

*Held,* that the use of the name of N. J. Henry on defendant's letterheads cannot be restrained but that the plaintiff is entitled to the injunction restraining the defendant from the use of its corporate name on the ground that it is so similar to that of the plaintiff as to cause confusion and to mislead and deceive plaintiff's customers and would-be customers.

Appeal by the plaintiff, N. J. Henry Mfg. Co., Inc., from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 21st day of March, 1922, upon the decision of the court, rendered after a trial at the Kings Special Term, as adjudges that the corporate name of the defendant does not tend to deceive, mislead or confuse the public because of its similarity to the plaintiff's name and that its use should, therefore, not be enjoined.

**28**   HENRY MFG. CO., INC., *v.* HENRY SCREEN MFG. CO., INC.

Second Department, December, 1922.          [Vol. 204

*Isaac Siegmeister,* for the appellant.

*Walter A. Van Ness* [*Archibald L. Van Ness* with him on the brief], for the respondent.

JAYCOX, J.:

The action is brought to enjoin the use by defendant of its corporate name in connection with the business of manufacturing and selling screens and weather strips. Plaintiff also asked that the defendant be restrained from in any manner representing that it is the plaintiff or making any representations liable to lead the public to believe that it is the plaintiff. Some incidental relief was granted the plaintiff, the defendant being restrained from using a picture of a " Fly " and the words " The Original " upon its letterheads, literature, etc. Neither party appeals from this portion of the decree. The plaintiff was incorporated October 28, 1918, to engage in the business of manufacturing window, door and porch screens and all kinds of weather strips, and ever since has been and now is engaged in that business with a salesroom and a factory in the borough of Brooklyn, city of New York. The object of the business is to sell direct to the individual householders desiring to install screens and weather strips in their homes, and to secure such business the plaintiff employs solicitors and resorts to advertising by descriptive circulars and has spent large sums of money therefor. The plaintiff has so conducted its business as to acquire a valuable reputation for integrity and efficient service. The business as established is very extensive and plaintiff's product has been widely advertised and is very well and favorably known; there has been and is a great demand therefor and it has secured a large number of customers in the borough of Brooklyn. The defendant was organized August 15, 1921, to engage in the same business, and is now engaged in that business in the borough of Brooklyn. The defendant was incorporated and its name selected with full knowledge by all its stockholders and directors of all these facts. These facts are admitted by the pleadings and found by the court. In addition, the plaintiff proved by exhibits admitted in evidence and the court has found: " That the defendant, by doing business by means of the use or issuance of any letters, circulars, envelopes or other advertising descriptive, illustrative or printed matter imitative of or in any form similar to those used or issued by the plaintiff, and more particularly by using or issuing such of the defendant's letterheads, envelopes and circulars, advertising letters, as contain the pictures of the ' Fly ' and the words ' The Original,' is liable to confuse the customers of the plaintiff under the belief by such customers that they are dealing with the plaintiff."

N. J. Henry was one of the incorporators of the plaintiff and is still a stockholder therein. He is also one of the organizers of the defendant, a stockholder therein and the president thereof, his name appearing in that capacity on its letterheads.

The result of all the cases, as I view them, is that if the similarity of names is such that the public is likely to be deceived, then the plaintiff is entitled to the relief prayed for. A corporation cannot, by the adoption of a name so closely resembling that of another as to induce people to deal with it in the belief that they are dealing with the other, appropriate the business of the first corporation. A corporation which has established a valuable business with a valuable reputation built up by years of upright dealing and the expenditure of large sums of money for advertising cannot be deprived of that business by a corporation which adopts a name which so closely resembles the former as to deceive the public by leading it to believe that it is dealing with the former when dealing with the latter. The first corporation is the N. J. Henry Mfg. Co., Inc. It manufactures screens. It sets forth upon its letterheads (none of its literature was introduced in evidence) that its business is "Window, Door and Porch Screens," making it clear that screens are the principal feature of its business. The defendant's name (as printed on its letterheads) is the "Henry Screen Mfg. Co., Inc." It is engaged in exactly the same business. It seems reasonably clear that many people would think of and know the first corporation as the Henry Screen Company. It would be the natural and ordinary way to speak of it. Can it be doubted that as a practical matter this similarity of names is likely to deceive? It seems clear that it was intended to deceive. The defendant not only adopted a name so closely resembling plaintiff's, but it also adopted letterheads and envelopes that, except for the slight difference in names, street addresses and telephone calls, are duplicates of the plaintiff's. The pictorial effect is the same. The plaintiff adorned its letterheads, etc., with pictures of several flies; the defendant did the same and placed them in exactly the same places on the paper and envelopes. The defendant also advertised as "The Original" above its name. These acts of the defendant have been restrained and properly so, but they serve to show defendant's intention and also to show that it thought the names so similar that one might be mistaken for the other, as it falsely stated it was "The Original." If there was no danger of mistake, this designation was unnecessary. Its purpose and its necessity are as clear as its falsity. This confusion is rendered "worse confounded" by the fact that N. J. Henry, who was one of the incorporators of plaintiff and whose name forms a part of its corporate name, is now the president of

the defendant and his name as such appears on its letterheads. Therefore, any one receiving a communication from defendant has every distinguishing feature of plaintiff's name presented to him on defendant's letterhead. It would take a very retentive and analytical memory to carry in mind the fact that the "Henry Screen Mfg. Co., Inc.," of which N. J. Henry is president, is not the same as the "N. J. Henry Mfg. Co., Inc.," which manufactures screens. This use of the name of N. J. Henry on defendant's letterheads cannot be restrained. The defendant has the right to elect him its president and to advertise that fact. That is a legitimate use of an individual name. (*Meneely* v. *Meneely*, 62 N. Y. 427; *Higgins Co.* v. *Higgins Soap Co.*, 144 id. 463.) Those cases, however, clearly indicate that defendant's right to its corporate name is in no wise affected by the fact that one of its incorporators bears the name of Henry. The defendant derives no immunity from the fact that the name of "Henry" is in its corporate name. (*Higgins Co.* v. *Higgins Soap Co.*, *supra*.)

I think it is reasonably clear that under the circumstances here disclosed the name of the defendant is so similar to that of the plaintiff as to cause confusion and to mislead and deceive plaintiff's customers and would-be customers.

The judgment in so far as appealed from should be reversed upon the law, with costs, and judgment directed in favor of the plaintiff restraining the defendant from using the name of "Henry Screen Mfg. Co., Inc.," or any corporate name in imitation of the name of the plaintiff, with costs.

RICH, MANNING, KELBY and YOUNG, JJ., concur.

Judgment in so far as appealed from reversed upon the law, with costs, and judgment unanimously directed in favor of the plaintiff, restraining defendant from using the name of "Henry Screen Mfg., Co., Inc.," or any corporate name in imitation of the name of the plaintiff, with costs.