LERNER STORES CORPORATION, Appellant, *v.* LERNER LADIES APPAREL SHOP, INC., and Others, Respondents.

First Department, December 3, 1926.

**Trade-marks and trade names — action to restrain use of word " Lerner " by defendants — motion for injunction pendente lite — plaintiff has been in business for about twenty years and has expended large sums in advertising business in connection with said word — defendants have copied plaintiff's advertising and have given prominence to and imitated plaintiff's style of writing said word — defense that defendants are using name of person interested in their corporation cannot be sustained — facts indicate deliberate attempt to imitate plaintiff's name and to deceive public — under circumstances plaintiff is entitled to injunction pendente lite — person cannot use his name in connection with corporate name in manner constituting fraud and deception of public.**

In this action, brought to restrain the defendants from using the word " Lerner " in connection with their business, the plaintiff is entitled to an injunction *pendente lite*, since it appears that it has been in business for about twenty years; that it has expended large sums of money in advertising the name " Lerner " and has established a chain of stores; and that the defendant corporation, recently organized, has in its advertising given great prominence to the word " Lerner " and has printed the remainder of the corporate title in very small leters, and imitated the plaintiff's style of writing the word " Lerner."

Under all the circumstances of the case it is evident that the defendants have willfully attempted to imitate plaintiff's name for the purpose of deceiving the public and inducing the public to believe that their store is one of plaintiff's stores.

The defense interposed by the defendants that one member of their corporation bore the name " Lerner " cannot be sustained, since it appears that he was not one of the original incorporators and did not become an officer of the corporation until after the injunction was sought. Apparently the man named " Lerner " was brought into the business in order to afford a colorable reason for using his family name in the corporate title.

Moreover, even though the facts show that said man was closely connected with the defendants' business, his name could not be employed in such a manner as to constitute a fraud upon the plaintiff and a deception of the public, for no man may, through unfairness, artifice, misrepresentation or fraud, injure the business of another or induce the public to believe his product is the product of another.

APPEAL by the plaintiff, Lerner Stores Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of September, 1926, denying plaintiff's motion for an injunction *pendente lite*.

*Samuel D. Cohen* of counsel [*Bertram L. Marks* with him on the brief], for the appellant.

*Irwin J. Sikawitt* of counsel [*Shapiro & Sikawitt*, attorneys], for the respondents.

**428**   LERNER STORES CORP. *v.* LERNER LADIES APPAREL SHOP, INC.

First Department, December, 1926.                    [Vol. 218

FINCH, J.   This was an application for an injunction *pendente lite* restraining defendants from using the name " Lerner " either alone or in conjunction with other words or symbols, and restraining the defendants from advertising in any manner calculated to deceive the public into the belief that the defendants' business was a branch of the plaintiff's business.   The motion was denied, hence this appeal.   The facts, in so far as necessary to show the reasons for the decision, are briefly as follows: .

About twenty years ago, or in 1907, three brothers of the name of Lerner started a corporation known as the " Lerner Waist Company " for the purpose of manufacturing ladies' waists, blouses and apparel in the borough of Manhattan.   In 1916 they started to operate chain stores, adding to the sale of waists, blouses and apparel, hosiery, underwear and kindred articles.   They now have a chain of fifty stores, thirty-four of which are located in the city of New York and are known as " Lerner Shops."   Plaintiff and its predecessor have expended an amount in excess of $1,000,000 for advertising the name " Lerner " and it employs a large number of people.   The yearly business runs into several millions annually. The three individual defendants, brothers of the name of Sigal, incorporated in July, 1926, a corporation known as " Lerner Ladies Apparel Shop, Inc.," and have opened a store at 258 Canal street, in the borough of Manhattan.   It is alleged that they have threatened to open other similar stores.   From the exhibits in the papers on appeal, it appears that the defendants in their display advertising do not emphasize their corporate name, but the name of " Lerner " standing alone, just as the plaintiff does.   The additional part of the corporate name of the defendants is included in such small letters as not to be noticeable unless attention to it is particularly called.   Moreover, the defendants have endeavored to copy the style of writing the name " Lerner " used by the plaintiff. Upon this appeal the defendants seek to bring what they are doing within the principle of the cases which hold that a person may not be enjoined from honestly using his own name in his own business because it is similar to that of a rival and that within certain limitations a person may likewise use his own name as part of the corporate title of the business in which he is engaged.   The manner in which the defendants have sought to do this stamps it clearly as nothing but a makeshift and carries its own refutation.   The defendants claim that in July, 1926, one Abraham Lerner and the defendants Sigal incorporated their business under the name of Lerner Ladies Apparel Shop, Inc.   The certificate of incorporation of the defendants, annexed to the complaint, shows that this corporation was formed by the three defendants of the name of Sigal; that they were

the sole three incorporators and subscribers for all of the shares of stock. Abraham Lerner makes an affidavit in which he gives this explanation as to why he did not join in the certificate of incorporation: " The reason why my name was not used in the certificate of incorporation was merely because I was busy in the store at the time when it was drawn and it was not considered important at the time to have my name appear as an incorporator." Apparently, as soon as this injunction was sought, it then was considered important to have the name of Abraham Lerner appear as a stockholder and as secretary of the company. Even now, however, Abraham Lerner does not state the number of shares of stock which he holds, but simply says: " I am a stockholder of Lerner Ladies Apparel Shop, Inc." The acts of the defendant corporation to which attention has been called (namely, the featuring of the name " Lerner " in their corporate name and the disregard of the words " Ladies Shop " so that it is impossible to decipher the words " Ladies Shop " without the aid of strong glasses and hardly even then, and the style of writing used, which has been so obviously copied) make the conclusion irresistible, so far as can be deduced from these papers on appeal, that there has been a studied attempt on the part of the defendants Sigal to make it appear that their shop is one of the many chain stores operated by the plaintiff corporation. When the defendants Sigal organized their corporation, they might with propriety have chosen their own name as a part of the corporate title or, in default of this, they had a wide range of names to choose from. That they should have selected the name under which the plaintiff corporation was doing business not only in one store but in fifty stores and for which name the plaintiff had expended a large amount of money and effort in advertising and building up a good will, was undoubtedly for the purpose of endeavoring to obtain the advantage of some of this good will. This seeming subterfuge is heightened by the manner in which they now proclaim that Abraham Lerner is a stockholder and secretary of their corporation. One cannot escape the conclusion that Abraham Lerner is apparently brought into the business in order to afford a colorable reason for using his family name in the corporate title which was adopted. Under these circumstances the plaintiff should not suffer the damages and consequences of the defendants' acts, nor should the defendants profit from their acts while the parties must wait for a trial to take place and its ultimate conclusion.

This case, therefore, falls within the principle stated in *Henry Manufacturing Co., Inc.,* v. *Henry Screen Manufacturing Co., Inc.* (204 App. Div. 27, 29), where the court, through Mr. Justice

**430**   Lerner Stores Corp. *v.* Lerner Ladies Apparel Shop, Inc.

First Department, December, 1926.          [Vol. 218

Jaycox, said: " The result of all the cases, as I view them, is that if the similarity of names is such that the public is likely to be deceived, then the plaintiff is entitled to the relief prayed for.   A corporation cannot, by the adoption of a name so closely resembling that of another as to induce people to deal with it in the belief that they are dealing with the other, appropriate the business of the first corporation.   A corporation which has established a valuable business with a valuable reputation built up by years of upright dealing and the expenditure of large sums of money for advertising cannot be deprived of that business by a corporation which adopts a name which so closely resembles the former as to deceive the public by leading it to believe that it is dealing with the former when dealing with the latter."

In *British-American Tobacco Co.* v. *British-American Cigar Stores Co.* (211 Fed. 933, 935) the court, through Coxe, J., said: " The words ' British-American ' may be geographical or political, but in this controversy they have acquired a secondary meaning; they have been irrevocably associated with a large tobacco corporation for a decade, and any other tobacco company with the same name is sure to be associated in the public mind with the elder company and is sure to reap such benefits as accrue from such association.

" If there were any valid reason for adopting the name, or if the business were other than tobacco, there might be some reason for the defendant's action, but no honest reason can be suggested for appropriating the name of the old and long established company. In the absence of any plausible explanation we have a right to assume that the reason was to secure the advantages which would result from a supposed connection with the well known company."

Moreover, even though the facts showed that Abraham Lerner was an integral part of the business of defendants, the name of Lerner could not be employed in such manner as to constitute a fraud upon the plaintiff and a deception of the public.   As was said by Judge Collin in *World's D. M. Association* v. *Pierce* (203 N. Y. 419): " It is a general principle of law that one's name is his property, and he has the same right to its use and enjoyment as he has to that of any other species of property.   (*Chas. S. Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540.)   It is, however, also a general principle of law that no man has the right to sell his products or goods as those of another. He may not through unfairness, artifice, misrepresentation or fraud injure the business of another or induce the public to believe his product is the product of that other.   The law protects the honest dealer in the business which fairly is his, and the public from decep-

tion in trade.   In this case, as in others which have been before the courts, these principles must, because of the identity in the surname of the defendant and the trade name used by the plaintiff, be reconciled and amalgamated.   \* \* \*   The defendant has the right to use his name.   The plaintiff has the right to have the defendant use it in such a way as will not injure his business or mislead the public.   When there is such a conflict of rights, it is the duty of the court so to regulate the use of his name by the defendant that, due protection to the plaintiff being afforded, there will be as little injury to him as possible.   Defendant should so use his name in connection with his remedies that he will obviate deception or with an explanation which will inform or be a notice to the public that those remedies are not those of plaintiff."   (Citing *Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Company,* 208 U. S. 554; *Devlin* v. *Devlin,* 69 N. Y. 212; *Meneely* v. *Meneely,* 62 id. 427.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for an injunction *pendente lite* granted, with ten dollars costs, upon giving an appropriate bond.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements and motion granted, with ten dollars costs, upon giving an appropriate bond.   Settle order on notice.