KNOX HAT CO., INC., Plaintiff, *v.* SELF-SERVICE MILLINERY STORES, INC., Defendant.*

Supreme Court, New York County, August 23, 1929.

*Briesen & Schrenk* [*Thomas McErlean* of counsel], for the plaintiff.

*Probst & Probst* [*J. Anthony Probst* of counsel], for the defendant.

COLLINS, J.: In actions for unfair competition by the use of similar trade-marks, identity of the trade-marks employed is not to be expected. A similarity sufficient to deceive by creating confusion in the mind of the casual purchaser possessed of ordinary prudence will suffice to condemn the practice as unfair and to justify the interposition of a court of equity to restrain the same. In the instant case the long-continued use by the plaintiff of its trade-mark and the general and favorable recognition of its wares, bearing the same, cannot well be disputed. I am satisfied that the name " Knox " as a trade-mark has long been used by plaintiff to identify its wares and is associated with the same in the mind of the purchasing public. Not only do the trade-marks here in dispute bear a close resemblance upon casual inspection, but a closer comparison emphasizes the conviction that there is an intent on the part of the defendant to mislead and deceive and to

---

* Affd., 227 App. Div. 716, 721. See, also, 138 Misc. 124.

appropriate to itself the benefit of the good will which is the product of the plaintiff's trade-mark and which is of right its lawful property. In the linings of both the hats of the plaintiff and the defendant the name is not the sole trade-mark used, but in each instance the name is surrounded by a pictorial device in the form of a coat of arms. Each of these has as its centerpiece,— a shield. The supporters of such shield in plaintiff's device on either side are eagles with outstretched wings. The latter in the defendant's are replaced by partly furled banners attached to bars diagonally crossed, whose general direction is that of the spread wings of the eagles in plaintiff's device. In plaintiff's device the shield is surmounted by an eagle bearing in its beak a pennant floating above its head, which, roughly speaking, constitutes the arc of a circle. In defendant's device, as the resembling counterpart, a crown surmounts the shield, the upper edge of which constitutes the arc of a circle. In plaintiff's trade-mark the name " Knox " is frequently employed in immediate conjunction and placed directly above the words " Fifth Ave.— New York." In defendant's hats the name " Zinox " is used in immediate conjunction with and placed directly above the words " Fifth-Avenue, New York." In both hats these are printed in the same style of type. Phonetically there happens also to be a resemblance, in that the name " Zinox " would generally be pronounced as Zee-nox, just as Zenith is commonly pronounced Zeenith. The term " Zinox Hats," so pronounced, is not far different in sound from " The Knox Hats."

The defendant points out some features in its device wherein it differs from the device employed by the plaintiff. It is undoubtedly true that there are some differences. Wherever there is no absolute identity, there will always be present points of difference, and in common experience these are resorted to in order to veil the simulation intended. Where, however, the general effect is one sufficient to mislead, confuse or deceive, such differences will be regarded as unimportant. I cannot be persuaded that the resemblances in the instant case are accidental. Being of the character as above stated, I hold them to be materially prejudicial to the plaintiff in its business and to constitute unfair competition.

That the name " Zinox " is the name of the president of the defendant corporation does not justify this misuse in its employment as a trade-mark. (*Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Lerner Stores Corporation* v. *Lerner Ladies Apparel Shop*, 218 App. Div. 427.) His name constitutes no part of defendant's corporate title; neither is its corporate title employed in its trade-mark to distinguish and identify its wares. It is undenied that the trade-mark or trade name " Knox " has been in use by the plaintiff for

generations past, while that of the defendant has only come into existence since the month of December, 1928. It is passing strange that Mr. Zinox has not disclosed his previous activities in the millinery or men's hat business, nor does it appear that they were such as to make his surname specially valuable in defendant's business as a trade-mark. Why, then, was it specially adopted? It is so employed as to constitute a fraud upon the plaintiff and a deception of the public. The essential facts are sufficiently established to warrant an injunction during the pendency of this action. The defendant contends that it will succeed upon the trial and that such injunction issued at this time will cause it great financial loss. Such success does not appear to me to be foreshadowed by the proofs presented on this application, but against any such contingency an undertaking will be sufficient to safeguard the interest of the defendant in this respect.

Let the injunction issue accordingly during the pendency of this action, as prayed for by the defendant, upon its furnishing an undertaking in the sum of $5,000. Settle order.