ARMOUR & COMPANY, Plaintiff, *v.* ARMOUR SHIPPING CORPORATION, Defendant.

Supreme Court, Special Term, New York County, January 8, 1941.

*Peter F. Curran*, for the plaintiff.

*J. A. Darwin*, for the defendant.

BENVENGA, J. This is an action in equity to enjoin the defendant from using the name " Armour " as part of its corporate title.

The plaintiff is engaged in the business of manufacturing, processing and selling meats and meat products of all kinds. It markets its products throughout the United States and in foreign countries. It has been engaged in that business for many years, and has built up a good will of considerable value. The defendant is engaged principally in the business of selling and arranging for the delivery of meats and other food products for delivery to Germany and other European countries. None of the defendant's incorporators, directors or officers bears the name " Armour."

The defendant denies any intent to mislead the public and claims that, in selecting its corporate title, it acted innocently and in good faith. But that is to a certain extent immaterial. It is not essential to the right of the plaintiff to an injunction to

show actual fraud or willful intent on the part of the defendant. (*Vulcan* v. *Myers*, 139 N. Y. 364, 367; *Fairbank Co.* v. *Luckel, King & Cake Soap Co.*, 102 Fed. 327, 330, 331; *Gehl* v. *Hebe Co.*, 276 id. 271, 273.)

Nor is it material that there is an absence of evidence of direct competition. The plaintiff is entitled to be protected not only from direct competition, but from any injury which might be occasioned by the use of a trade name so clearly resembling its name as to deceive the public into the belief that the defendant's goods and merchandise are those of the plaintiff, or which might lead the public to believe that the defendant is in some way connected with the plaintiff. (*Long's Hat Stores Corp.* v. *Long's Clothes, Inc.*, 224 App. Div. 497; *Forsythe Co., Inc.*, v. *Forsythe Shoe Corp.*, 234 id. 355, 357, 358; modfd., 259 N. Y. 248; *Maison Prunier* v. *Prunier's Restaurant & Cafe, Inc.*, 159 Misc. 551, 555, 556; *Armour & Co.* v *Master Tire & Rubber Company*, 34 F [2d] 201.)

An accounting having been waived by the plaintiff, an injunction is granted without damages to the plaintiff. Bond fixed at $500. Settle judgment, findings of fact and conclusions of law.