Campus Coat Co., Inc., Plaintiff, v. Campus Togs, Inc., Defendant.

Supreme Court, Special Term, New York County, December 15, 1941

*Soloway & Soloway* [*Julius Soloway* of counsel], for the plaintiff.
*Joseph Kramer* for the defendant.

Benvenga, J.  Action to enjoin defendant from using the word
" Campus " as part of its corporate title.

Plaintiff was incorporated in January, 1940, and maintains its
office, factory and show room at 237 West Thirty-seventh street,
borough of Manhattan, city of New York.  It is authorized to
manufacture coats and suits for misses and juniors.  Of late it has
featured casual or sport coats.  Its business has expanded so
rapidly within the last year that it has taken larger quarters in the
same building.

Defendant was incorporated in August, 1941, at about the time
the plaintiff was negotiating for larger quarters.  It was authorized
to manufacture the same type of misses' and juniors' wearing
apparel as the plaintiff manufactures, and has rented quarters on
the second floor of 228 West Thirty-seventh street, almost directly
opposite plaintiff's place of business.  Defendant's president, who
up to the time of defendant's incorporation was connected with
Junior Togs, Inc., selected defendant's corporate title.  The name
so selected bears some resemblance not only to the name of the
concern with which he was formerly connected, but also to the
plaintiff's corporate title.

Because of the position taken by the parties, I took occasion, with their consent, to view the premises in which plaintiff and defendant conduct their business, and made observation with respect to the location of the buildings, the signs and other adverising matter used by them, and other relevant matters.

I find it difficult to believe that the choice of defendant's corporate name and place of business were purely coincidental. Rather the inference is that, in each instance, the choice was intentional and fraudulent. In any event, the resemblance of defendant's corporate title to plaintiff's, especially when considered in connection with defendant's close proximity to plaintiff's place of business, is not only calculated to create confusion, but has actually done so, and to the detriment and damage of plaintiff.

In the circumstances, the plaintiff, in the enjoyment of its corporate name, is entitled to be protected against wrongful and fraudulent interference, not only with respect to the merchandise it presently sells, but also with respect to that which the public would believe the plaintiff is selling, because of the infringement of its corporate name. (*Long's Hat Stores Corp.* v. *Long's Clothes, Inc.*, 224 App. Div. 497, 498; *Forsythe Co., Inc.*, v. *Forsythe Shoe Corp.*, 234 id. 355, 357; modfd., 259 N. Y. 248; *Lerner Stores Corp.* v. *Lerner Ladies Apparel Shop, Inc.*, 218 App. Div. 427; *Pansy Waist Co., Inc.*, v. *Pansy Dress Co., Inc.*, 203 id. 585; *Armour & Co.*, v. *Armour Shipping Corp.*, 175 Misc. 695.) " It is almost a matter of course to grant injunctive relief where the similarity of names is so clearly calculated to deceive the public, as it is in this case, especially where the defendant has chosen a location so near that of the plaintiff." (*Bush Terminal Co.* v. *Bush Terminal Trucking Co.*, 123 Misc. 448, 449.)

Judgment for the plaintiff. Settle judgment, findings of fact and conclusion of law in accordance herewith.