NIAGARA MOHAWK POWER CORPORATION, Petitioner, *v.* BERT SIMON, Doing Business as NIAGARA-MOHAWK RANGE & DRYER WIRING COMPANY, Respondent.

Supreme Court, Special Term, Erie County, November 21, 1953.

*James A. O'Neill* for petitioner.

*Alfred F. Cohen* for respondent.

R. O'BRIEN, J. This is an application for injunctive relief under the provisions of section 964 of the Penal Law.

The petitioner seeks an order (a) enjoining the respondent from using the name " Niagara-Mohawk Range & Dryer Wiring Company," or any simulation, derivation or approximation of the name " Niagara-Mohawk ", either alone or in conjunction with other words in connection with his business of electrical contracting, particularly in connection with the installation of electric ranges and dryers; (b) directing the respondent to terminate his use of telephone number Cleveland 3824, and (c) enjoining the respondent from using said name or any simulation, derivation or approximation thereof in or about his business establishment, stationery, listings, signs, advertising, etc., and ordering the obliteration, deletion and removal of said name from any present use by such means.

The petitioner shows, among other things, that it is a domestic utility corporation having its principal office in Syracuse, and an office for the transaction of business at 535 Washington Street, Buffalo, New York; that it is engaged in the generation, distribution and sale of electric energy to users thereof, situate in Buffalo and surrounding territory; that for several years, the petitioner and its predecessor, the Niagara-Hudson Power Corporation, pursued the practice of agreeing with a vendor of an electric range to provide for its installation in the home of a purchaser at a certain prefixed price.

During the period that the petitioner pursued that method of operating its business, it secured bids from electrical contracting firms for such installation price. Under that plan of operation the seller of an electric range notified the petitioner of the sale, whereupon the petitioner communicated such information to the electrical contractor whose price for such installation had

been accepted. That method of conducting business prevailed from June 19, 1947 to January 1, 1950, when it was discontinued. During that time, the respondent Bert Simon, who was doing business under the assumed name and style of Simon Electric Company at 367 Ellicott Street, Buffalo, New York, was the successful bidder for such installations.

It appears from the papers herein that when the petitioner discontinued that method of conducting its business, the respondent, still doing business as the Simon Electric Company, as aforesaid, directed a letter to the electric range and dryer dealers in Buffalo and vicinity, informing them that for certain prices specified in the communication (Exhibit D), he would continue " a low cost flat rate wiring plan " which he felt was "essential to volume range and dryer sales." The communication was on a printed letterhead bearing the heading " Simon Electric Company " under which are the words " Specializing in Electric Range and Dryer Wiring," and underneath which appears " 367 Ellicott St. — Cleveland 3824 — Buffalo 3, N. Y." The letter was signed " Simon Electric Company, Bert Simon." A questionnaire was enclosed in the letter. It had the same heading as the letterhead under which appeared the following, under the line giving the address and telephone number: " Effective December 1, 1950 " " Questions and answers for electric range dealers using Simon Electric Company wiring procedure,".

The respondent conducted such type of his business under the name " Simon Electric Company," as aforesaid, until July 22, 1953, which was one day before the New York Telephone Company's dead-line date for information as to listings to be inserted in its new telephone book for 1953-1954. On that date, viz., July 22, 1953, the respondent " Bert Simon residing at 367 Ellicott Street, Buffalo, New York " caused a certificate to be filed in the Erie County Clerk's office (Exhibit C) under the provisions of section 440 of the Penal Law, stating, among other things, that he " intends to conduct and transact business in the City of Buffalo, County of Erie, New York, under the name and style of ' Niagara Mohawk Range and Dryer Wiring Company'." When the petitioner learned those facts, it moved promptly to institute this proceeding.

The petitioner claims that such assumed name was adopted so that the respondent would be able to have the name " Niagara Mohawk Range & Dryer Wiring Company " listed in the telephone directory immediately following that of the " Niagara Mohawk Power Corporation " and its various departmental

listings (see Exhibit A) and that such listing being in such similar type and proximity to the petitioner's listings, was calculated to imply that the respondent formed a part of the corporate organization of your petitioner, or at least, was its sole agent. This, according to the petitioner, has the effect of deceiving and misleading the public.

It also appears that the respondent's place of business is directly across the street from the rear of the petitioner's place of business in the Electric Building, Buffalo, N. Y., which covers a major portion of the block bounded by Genesee, Washington, Huron and Ellicott Streets in said city. Thus any sign or advertising matter appearing on the respondent's property bearing the assumed name adopted by him for this business could and might easily mislead the public to believe that his property was an adjunct of the petitioner's.

The respondent's denial of " any ulterior motive in the selection of said name " or in " desiring to continue to use the same " and his explanation for its adoption is not convincing.

The facts disclosed by the papers herein warrant the inference, and I so find, that the assumption by the respondent of part of the petitioner's name was calculated to secure business upon the good will and standing of the petitioner in the community, and could and might mislead the public into believing that the petitioner had resumed its former method of conducting business in connection with the installation of electric appliances.

In my opinion, the actions of the respondent constitute a violation of the provisions of section 964 of the Penal Law. (*Matter of Julius Restaurant* v. *Lombardi,* 282 N. Y. 126; *Albro Metal Prod. Corp.* v. *Alper,* 281 App. Div. 68; *Astor* v. *Williams,* 71 N. Y. S. 2d 332, affd. 272 App. Div. 1052; *Matter of Hirsch* v. *Perlman,* 52 N. Y. S. 2d 691, affd. 268 App. Div. 1035; *Florists' Tel. Del. Assn.* v. *Florists' Tel. Del. Assn.,* 124 N. Y. S. 2d 57; *Bill's Gay Nineties* v. *Fisher* 41 N. Y. S. 2d 234; *Matter of Fainblatt* v. *Leo Sportswear Co.,* 178 Misc. 760; *Campus Coat Co.* v. *Campus Togs,* 177 Misc. 893.)

It appears from the papers that no material issue of fact is presented which would require a hearing. Therefore, I find and determine that the petitioner has sustained its claim to compel the respondent to discontinue the use of the words " Niagara-Mohawk " as part of his assumed name and such use in any manner shall be discontinued forthwith. In respect to the use of telephone number Cleveland 3824 by the respondent, I do not find that the petitioner has sustained its claim and therefore such use may be continued, but appropriate information by such

reasonable means as may be agreed by counsel for the parties shall be adopted and utilized as will inform the public that such telephone number is not one of the petitioner's departments, affiliates or subsidiaries.

Submit order in accordance with opinion.